[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiff appeals under R.I.G.L. 1956 § 45-24-20 as amended
from two decisions by the Newport Zoning Board of Review, each of which denied his appeal from decisions of the zoning officer. The first denied his application for permission to convert the second floor of the structure in which his ground floor restaurant is located (a non-conforming use) into additional restaurant service area. The second classified the use of two vacant lots nearby as a commercial parking lot, not allowed in this R-10 zone, and ordering him to bring the violation into compliance. Before the Court are the certified record on appeal, with its many exhibits, transcripts of hearings of December 12, 1988, going to both issues, and memoranda of counsel.
The record establishes that many years before plaintiff bought the restaurant in 1979 the ground floor had been used commercially by retail establishments, as a tavern, neighborhood bar, and finally a restaurant. This non-conforming use is undisputed. The second floor of the premises had, before a fire, been used as a dwelling. It was not restored after the fire but plaintiff stored some of his restaurant equipment there, such use being non-conforming and not grandfathered, as was the ground floor. The record makes abundantly clear that use of the second floor by restaurant patrons would enlarge the restaurant premises and increase its business. The code, 1276.05 prohibits the moving or extension of any non-conforming use of a building to any other part of the building not expressly arranged and designed for such use at the time the use became non-conforming. What plaintiff proposes to do is expressly prohibited by that language. The Court discerns no error in the board's affirmance of the zoning officer's refusal to issue a building permit.[1] The evidence amply supports the decision.
Addressing the second count of the complaint, the Court notes that the two vacant lots rented by plaintiff here from a third party do not fall strictly within the Code's definition of "commercial parking lot." But here, plaintiff pays for the use of the lots for parking in conjunction with the operation of his restaurant. A sign directs patrons to them. And although no specific charge is made for that parking, of course the users pay for it as part of a restaurant bill.[2]
Code, 1266.03, sched. A lists uses permitted in each zone. #54 of the list prohibits commercial parking in all residential zones. The Code, 1266.02, "prohibited uses" reads: "It is intended that any use not included in schedule A as a permitted us (sic) is prohibited." It is clear that the use of these lots for parking, whether commercial or not, is prohibited under the Code.
Finally, plaintiff argues that the board failed to issue a written decision in either appeal. He requests the case be remanded for a hearing de novo because the composition of the board has changed since the decisions here were rendered. Defendant joins in that request only in the event the board decisions are reversed here. The Court is satisfied, upon reading of the statements and comments of board members in both transcripts,[3] that review here can be and is meaningful. SeeHolmes v. Dowling, 413 A.2d 95, 98 (R.I. 1980).
The clerk will forthwith enter judgment for defendants for costs as to both counts of the complaint.
[1] Counsel for plaintiff cites Sullivan v. Greichen, C.A. 80-67 as dispositive of the case at bar. Reliance on that case is misplaced. There, the owner of a hotel was permitted to convert the dining room into eight hotel rooms. Appellants argued issuance of the permit was violative of the non-conforming use ordinance. The Court's holding was that the hotel building in toto constituted a single non-conforming use, as a hotel, and that internal rearrangement neither extended nor enlarged the hotel's single non-conforming use.
[2] As one board member said (tr. p. 2) "____ the man can choose to absorb that expense in any fashion he wants to ____."
[3] "Transcripts": See, e.g., tr. p. 21, where the chairman said:
"Now, this is an R-10 district. What is the use? Well, it's obviously a parking lot, but it doesn't fit the definition of a commercial parking lot. So it's a noncommercial parking lot, so we look in the list in the R-10 residential district of permitted uses and there's no permitted use for noncommercial parking lot in order to permit as a means of special exception, therefore it's an unpermitted use. It shouldn't be there, but I don't think it's a commercial parking lot. So I will sustain the appeal from that decision that it is a commercial parking lot and suggest to the zoning officer that it should be objected to as a use not permitted in the area not zoned. Any other comments by board members?"